# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

OCTAVIOUS WILLIAMS,           :
                              :
                  Plaintiff,  :
                              :   NO. 5:17-cv-00291-CAR-CHW
            VS.               :
                              :
Warden ANTOINE G CALDWELL,    :
                              :
                  Defendant.  :
_____

## ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Octavious Williams, an inmate confined at Ware State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis was granted on August 31, 2017, (ECF No. 5) and Plaintiff has now supplemented his complaint. As discussed below Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

### I. Motion to Proceed *In Forma Pauperis*

Although Plaintiff is allowed to proceed in forma pauperis in this action, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that

1

withdrawals from his account may commence as payment towards the filing fee.

 A. <u>Directions to Plaintiff's Custodian</u>

 It is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

 B. <u>Plaintiff's Obligations Upon Release</u>

 Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to

dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to

prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

**B. Plaintiff's Claims**

The present action arises out of Plaintiff's confinement at Wilcox State Prison. Plaintiff alleges that on January 14, 2017, he was deprived of his personal property, including "trial transcript, brady motion of discovery material, [and a] black law letter horn book" by Warden Antoine G Caldwell. Compl. 5, ECF No. 1; Supplement to Complain 1, ECF No. 9. According to Plaintiff, the loss of his personal property and legal materials violated his First Amendment and Fourteenth Amendment rights.

Plaintiff has failed to state a Fourteenth Amendment due process claim against Defendant Caldwell. "To successfully assert a Fourteenth Amendment procedural due process claim under § 1983, a plaintiff must establish that (1) the defendant deprived him of a liberty or property interest protected by the Constitution; (2) the deprivation occurred under color of state law, and (3) he was not provided with constitutionally adequate process

4

to redress the harm." *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Eleventh Circuit recognizes several state law remedies available to Georgia prisoners complaining of property deprivations, including the prison's administrative grievance system and a civil cause of action for wrongful conversion. *Mines*, 610 F. App'x at 840; *see also Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014); *Stickels v. Chief Police, Gwinnett Cty. Police Dept.* 279 F. App'x 790, 791 (11th Cir. 2008) (state law civil action for wrongful conversion was adequate state post-deprivation remedy for failure of state officials to return property).

Here Plaintiff seeks to raise a Fourteenth Amendment claim based on Defendant Caldwell "depriving" Plaintiff of personal property. Although the extent of the deprivation is unclear from his complaint, Plaintiff does not allege that he availed himself of the remedies offered under Georgia law and does not allege that these remedies are not suitable or are otherwise unavailable. Accordingly, Plaintiff has failed to state a due process claim.

Plaintiff has also failed to state a First Amendment access to courts claim. The First Amendment grants prisoners a limited constitutional right to access to the courts. *Lloyd v. Card*, 283 F. App'x 696, 700 (11th Cir. 2008) (per curiam) (citing *Bounds v. Smith,* 430

U.S. 817, 821 (1977)). To state a claim for denial of that right, an inmate must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Thus, the First Amendment does not grant a prisoner the free standing right to access a prison's law library or to legal assistance, instead, a prisoner must show interference with the presentation of their claims or cases. *Id*. at 349-50. "'The purpose of recognizing an access claim is to provide vindication or a separate and distinct right to seek judicial relief,' and thus a litigant asserting an access claim must also prove that he has a viable or colorable claim for which he seeks relief." *Arthur v. Comm'r., Ala. Dept. of Corr*., 680 F. App'x 894, 902 (11th Cir. 2017) (quoting *Barbour v. Haley*, 471 F.3d 1222, 1225-26 (11th Cir. 2006)).

Although Plaintiff states that he was deprived of his legal materials, he has failed to present more than vague and conclusory allegations concerning how Defendant Caldwell's actions may have impeded Plaintiff's ability to litigate a nonfrivolous claim. Plaintiff, proceeding *pro se*, is entitled to leniency, but "[c]onclusory allegations and bare legal conclusions are insufficient to preclude dismissal." *Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015) (per curiam). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (quoting *Associated Builders, Inc. v. Ala. Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)). Further, to state a claim for relief, Plaintiff must "state with some minimal particularity how overt acts of the defendant

caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1990)).

Plaintiff's well plead factual allegations do no suggest that Plaintiff was involved in litigation at the time of the alleged interference with his legal documents, that his legal documents were needed for future litigation, or that any such action was denied or dismissed as a result. Nor does Plaintiff allege that he was prevented from or obstructed in pursuing a legal claim with arguable merit in a category of cases protected by the First Amendment. Furthermore, Plaintiff's allegations are insufficient to connect Defendant to the constitutional violation Plaintiff alleges. Absent any factual allegations whatsoever creating a tangible connection between Defendant Caldwell and the alleged interference with plaintiff's property, or any well plead allegations that the interference caused an actual injury or otherwise impeded Plaintiff's ability to litigate or pursue nonfrivolous legal claims, Plaintiff has failed to state a claim upon which relief may be granted.

## II. CONCLUSION

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 7th day of December, 2017.

**S/ C. Ashley Royal**
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT